BLD-231                                                   NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1544
_____

JOHN DUNN III,

Appellant

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS; MICHAEL
KLOPOTOSKI; JEROME WALSH; ULLI KLEMM; NORMAN DEMMING;
DORINA VARNER; ROBIN LUCAS; JAMES PALL; ALL MEMBERS OF THE
RELIGIOUS ACCOMMODATIONS COMMITTEE; NANCY FEDOR; D.O.C.
STAFFS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-02542)
District Judge:  Honorable Edwin M. Kosik

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 19, 2012

Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Opinion filed July 30, 2012)

_____

OPINION
_____

PER CURIAM

John Dunn III, proceeding pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania granting summary judgment for prison and correctional employees in his civil rights action. For the following reasons, we will summarily affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In December 2009, Dunn filed an in forma pauperis complaint, which he later supplemented, alleging that current and former employees of the State Correctional Institution at Dallas and the Department of Corrections violated the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc-2000cc5, and the First, Eighth, and Fourteenth Amendments, by denying him religious accommodations while he was confined in the prison. Specifically, Dunn alleges that he was denied access to certain religious objects – including plants, herbs, crystals, tarot cards, runes, spices, and an altar cloth – in his cell; that he was not permitted to grow his hair or beard; and that he was denied a religious advisor and instead directed to practice his Wiccan faith in the privacy of his cell. He sought damages, fees, and costs, as well as injunctive and declaratory relief. The United States District Court for the Middle District of Pennsylvania granted the defendants' motion for summary judgment, and Dunn filed a timely pro se appeal.

We exercise plenary review over a District Court's grant of summary judgment. A grant of summary judgment will be affirmed if our review reveals that "there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We review the facts in the light most favorable to the party against whom summary judgment was entered." Coolspring Stone Supply, Inc. v. Am. States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993).

We first address Dunn's contention that he has been denied the right to exercise his religion freely, as guaranteed by the Free Exercise Clause of the First Amendment. Prison inmates do not forfeit their constitutional right to freely exercise their religion when they enter the prison gates. See Cruz v. Beto, 405 U.S. 319 (1972) (per curiam). Incarcerated inmates, however, enjoy their rights under a more limited framework than the average citizen. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). Indeed, the fact of incarceration and the valid penological objectives of deterrence of crime, rehabilitation of prisoners, and institutional security may justify limitations on the exercise of constitutional rights by an inmate. See DeHart v. Horn, 227 F.3d 47, 50-51 (3d Cir. 2000) (en banc). A prison regulation that impinges on an inmate's right to free exercise of religion is valid "if it is reasonably related to legitimate penological interests." O'Lone, 482 U.S. at 349 (citing Turner v. Safley, 482 U.S. 78, 89 (1987)).

To determine the reasonableness of a prison regulation, we consider four factors, namely: (1) whether the regulation is rationally related to a legitimate governmental interest; (2) whether alternative means of exercising the right remain open to the prisoners; (3) what impact accommodation of the asserted right will have on prison

3

guards, other inmates, and the allocation of prison resources; and (4) the availability of "obvious, easy alternatives" to the challenged regulation. Turner, 482 U.S. at 89-91.

The District Court considered these factors and properly concluded that the prison authorities' restrictions were reasonably related to legitimate penological interests. As to the claim that Dunn was denied possession of certain items, the District Court found that prison officials had a legitimate interest in maintaining order, security, and discipline within the prison. For example, the defendants submitted that they denied Dunn's request for runes and tarot cards because those items could be used by inmates to manipulate others, posing a security concern. See, e.g., Mayfield v.Tex. Dep't of Criminal Justice, 529 F.3d 599, 610-11 (5th Cir. 2008) (finding that runestones and tarot cards could be used for "gambling, trafficking, and trading" and thus "pose a unique security risk"). Similarly, defendants relied on statements that the grooming policy detailed in Administrative Directive 807 helps limit hiding places for contraband and is important for inmate identification purposes for the staff. See Cole v. Flick, 758 F.2d 124, 131 & n.9 (3d Cir. 1985) (relying on identical factors to conclude that hair length directive is not an invalid infringement on First Amendment rights).

The District Court found that even with the restrictions, Dunn's right to practice religion was not substantially or significantly burdened and that he had various means of religious expression available to him, including the ability to pray and conduct religious rituals in his cell, as Dunn himself admitted in his deposition. The Court also found that

4

Dunn retained some means of individual religious expression, including possession of certain religious objects and books and the ability to correspond and visit with an outside spiritual advisor, a Wiccan priestess. For the reasons stated by the District Court, we agree that summary judgment on the free exercise claims was warranted.

The District Court also did not err in granting summary judgment to the defendants on Dunn's RLUIPA claims. RLUIPA prohibits the government from imposing "a substantial burden" on a prisoner's religious exercise, even if the burden results from a rule of general applicability, unless the government shows that the burden is in furtherance of a "compelling governmental interest" and is the least restrictive means of furthering that interest. See Washington v. Klem, 497 F.3d 272, 277 (3d Cir. 2007) (quoting 42 U.S.C. § 2000cc-1(a)). A "substantial burden" exists where (1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; or (2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs. Id. at 280.

As we have just noted, on summary judgment, the defendants identified significant, legitimate penological interests underlying their policies, including the restriction on Dunn's hair length. Moreover, Dunn failed to point to evidence sufficient to establish the threshold element of this claim, namely, a "substantial burden" on the

5

exercise of his religion as a result of enforcement of the regulation. See 42 U.S.C. § 2000cc-1(a). Dunn contends that "[h]air is considered to be the natural receptacle of the vital essence . . . of the body," but he does not explain how failure to maintain long hair affects his particular religious beliefs. See Washington, 497 F.3d at 277-78 (noting that in religious discrimination claims pursuant to RLUIPA, the plaintiff bears the burden of persuasion on whether the challenged practice substantially burdens the plaintiff's practice of religion). He has thus failed to establish a substantial burden on religious exercise.

Dunn also alleged that the defendants violated his rights under the Equal Protection Clause, but he failed to provide any competent summary judgment evidence that similarly situated faiths are treated differently. See Cruz, 405 U.S. at 322 n.2 ("We do not suggest, of course, that every religious sect or group within a prison - however few in number - must have identical facilities or personnel."). Accordingly, we agree that summary judgment on the equal protection claim was warranted. See Williams v. Morton, 343 F.3d 212, 221-22 (3d Cir. 2003).

Finally, for the reasons given by the District Court, Dunn's complaint did not state an Eighth Amendment claim sufficient to withstand summary judgment. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). Nor, we note, did Dunn provide any evidence to support such a claim.

6

Because this appeal does not raise a substantial question, we will summarily affirm the judgment of the District Court.